# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * *
SANDRA MEADOR,                    *
                                  *
                                  *   No. 19-1333V
              Petitioner,         *   Special Master Christian J. Moran
                                  *
v.                                *
                                  *   Filed: April 28, 2021
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *   Entitlement; dismissal.
                                  *
              Respondent.         *
* * * * * * * * * * * * * * * * * * * *
```

David J. Carney, Green & Schafle, LLC, Philadelphia, PA, for petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Sandra Meador alleged that the influenza ("flu") vaccine she received on October 11, 2016, caused her to develop rheumatoid arthritis ("RA"). Pet., filed Aug. 30, 2019, at 1-2. On March 2, 2021, Ms. Meador moved for a decision dismissing her petition.

### I. Procedural History

Sandra Meador ("petitioner") filed a petition on August 30, 2019. She then filed relevant medical records, which were complete on February 28, 2020. On March 17, 2020, a status conference was held in which petitioner was ordered to begin the process of retaining an expert and a deadline was set for the Secretary's

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Rule 4(c) report. The Secretary filed his Rule 4(c) report on June 15, 2020. In the report, the Secretary challenged causation. Resp't's Rep. at 8-9.

In a status conference held on June 29, 2020, the undersigned discussed the potential effect of his decision in Tullio v. Secretary of Health & Human Services, No. 15-51V, 2019 WL 7580149 (Fed. Cl. Spec. Mstr. Dec. 19, 2019), mot. for rev. denied, 149 Fed. Cl. 448 (2020), on petitioner's flu-RA claim. In the order following this status conference, the undersigned stated that any expert retained by petitioner should advance a different theory than the experts in Tullio for the case to proceed.

Petitioner then attempted to procure an expert over the ensuing months, requesting two extensions to her expert report deadline, but was unable to retain an expert to provide an opinion in her case. On March 2, 2021, petitioner filed a motion for a decision dismissing her petition, "based on the inability to secure a supportive expert . . . beyond the opinions that were already rejected by the instant Special Master in Tullio v. Sec'y of HHS." Pet'r's Mot. at 1. In this motion, petitioner requested that the undersigned issue a dismissal decision; however, the motion was filed in CM/ECF as a Motion for Voluntary Dismissal pursuant to Vaccine Rule 21(a). On April 28, 2021, petitioner was ordered to file a status report clarifying whether she intended to file a Motion for Voluntary Dismissal or a Motion for Dismissal Decision, which would result in a judgment. On April 28, 2021, petitioner filed a status report stating that she intended to file a Motion for Dismissal Decision and "understands that a decision by the Special Master dismissing her petition will result in a judgment against her." Pet'r's Status Rep., filed Apr. 28, 2021, at 1. The Secretary did not file a response to petitioner's motion. Therefore, this matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records in support of her claim, but wishes to have her claim dismissed and judgment entered against her. Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting her right to file a civil action in the future. See Pet'r's Status Rep., filed Apr. 28, 2021, at 1.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, without the support of a medical expert or additional evidence supporting causation other than petitioner's medical records, the evidence weighs against a finding that Ms. Meador developed RA as a result of the flu vaccine.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

                                             s/Christian J. Moran
                                             Christian J. Moran
                                             Special Master