# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
SANDRA MEADOR,                      *
                                    *
                                    *   No. 19-1333V
              Petitioner,           *   Special Master Christian J. Moran
                                    *
v.                                  *
                                    *   Filed: June 1, 2022
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *   Attorneys' fees and costs.
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * * *
```

<u>David J. Carney</u>, Green & Schafle, LLC, Philadelphia, PA, for petitioner;
<u>Adriana R. Teitel and Darryl R. Wishard</u>, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 8, 2021, petitioner Sandra Meador moved for final attorneys' fees and costs. She is awarded **$26,887.93**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the Internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On August 30, 2019, petitioner filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the influenza ("flu") vaccine she received on October 11, 2016, caused her to develop rheumatoid arthritis. After filing initial medical records, petitioner was ordered to begin the process of retaining an expert. Order, issued Mar. 18, 2020. In a status conference held on June 29, 2020, the undersigned discussed the potential impact of Tullio v. Secretary of Health & Human Services, No. 15-51V, 2019 WL 7580149 (Fed. Cl. Spec. Mstr. Dec. 19, 2019), mot. for rev. denied, 149 Fed. Cl. 448 (2020). In Tullio, the undersigned found that the petitioner failed to establish that the flu vaccine can cause rheumatoid arthritis via molecular mimicry. The undersigned stated that for the case to proceed, any expert retained by petitioner should advance a different theory than the experts in Tullio. Order, issued June 29, 2020. Petitioner was unable to secure an expert opinion and moved to dismiss her claim on March 2, 2021. Pet'r's Mot., filed Mar. 2, 2021, at 5-6. On April 28, 2021, the undersigned issued his decision dismissing the petition for insufficient proof. Decision, 2021 WL 2106068 (Fed. Cl. Spec. Mstr. Apr. 28, 2021).

On August 5, 2021, petitioner moved for final attorneys' fees and costs. Pet'r's Mot., filed Aug. 5, 2021. Petitioner requests attorneys' fees of $23,544.00 and attorneys' costs of $3,843.93 for a total request of $27,387.93. Pet'r's Mot. at 2-3. Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs in pursuit of this litigation. Fee exhibit 3. On August 13, 2021, respondent filed a response to petitioner's motion. Resp't's Resp., filed Aug. 13, 2021. Respondent argues, "Neither the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Additionally, he recommends that the undersigned "exercise [his] discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply.

\* \* \*

The burden is on the petitioner to provide sufficient evidence to support a request for attorneys' fees and costs. See, e.g., Scharfenberger v. Sec'y of Health & Hum. Servs., 124 Fed. Cl. 225, 234 (2015). The Secretary is not required to make objections to requests for fees and costs. Id. Accordingly, special masters are "not limited to objections raised by respondent." Id. (quoting Lamar v. Sec'y

2

of Health & Hum. Servs., No. 99-538V, 2008 WL 3845165, at *5 (Fed. Cl. Spec. Mstr. July 30, 2008)).

The Secretary previously provided objections to requests for attorneys' fees and costs. See Dominguez v. Sec'y of Health & Hum. Servs., 136 Fed. Cl. 779, 781 (2018). However, the Secretary no longer routinely provides objections to fee motions due to lack of resources and desire to avoid further litigation. See id. Given the Secretary's lack of substantive participation in fee motions, special masters have an independent duty to evaluate them for their reasonableness. See id. at 785; McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018); Spahn v. Sec'y of Health & Hum. Servs., 138 Fed. Cl. 252, 262-63 (2018). Therefore, the undersigned has independently reviewed the fee application for its reasonableness. See Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993); Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994) (affording special masters discretion to determine the reasonableness of requests of attorneys' fees and costs); see also Saxton, 3 F.3d at 1521; Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009) (allowing special masters to rely on accumulated experience in determining fee awards).

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful, the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent also has not challenged the reasonable basis of the claim. A final award of reasonable attorneys' fees and costs is therefore proper in this case. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar

3

process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. However, when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower, the Davis County exception applies, and petitioner's counsel is paid according to the local rate. Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Env't Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done in Philadelphia, Pennsylvania. The local rate of Philadelphia, Pennsylvania is substantially similar to the forum rate. Therefore, the Davis County exception does not apply.

Petitioner requests the following hourly rates for the work of her counsel, Mr. David Carney: $325.00 per hour for work performed in 2019; $350.00 per hour for work performed in 2020; and $375.00 per hour for work performed in 2021. These rates are consistent with what Mr. Carney has previously been awarded for his Vaccine Program work. See, e.g., Martinez v. Sec'y of Health & Hum. Servs., No. 16-738V, 2022 WL 1210556, at *3 (Fed. Cl. Spec. Mstr. Mar. 29, 2022); Morgan v. Sec'y of Health & Hum. Servs., No. 19-1105V, 2021 WL 3056271, at *2 (Fed. Cl. Spec. Mstr. June 28, 2021). Petitioner also requests reasonable hourly rates for work performed by the firm's paralegal. Accordingly, the requested hourly rates are reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521. The Secretary did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and finds most of the time billed to be reasonable. The timesheet provides sufficiently detailed descriptions of the work performed. See fee exhibit 1. One issue is a small amount of clerical work billed by the firm's paralegal, including time billed for receiving and downloading medical records, reviewing court orders, and

4

calendaring dates.  Mr. Carney also occasionally billed for time spent filing documents.  Billing for clerical or administrative work is not permitted in the Vaccine Program.  See Rochester v. United States, 18 Cl. Ct. 379 (1989).  However, this issue is relatively minor and merits only a reduction of $500.00.  Accordingly, petitioner is awarded final attorneys' fees of $23,044.00.

    C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira, 27 Fed. Cl. at 34.  Petitioner requests a total of $3,843.93 in attorneys' costs.  This amount is comprised of acquiring medical records, postage, the Court's filing fee, and expert fees for Dr. Marc Serota.  The bulk of the costs represent fees incurred by counsel in attempting to secure an expert opinion by Dr. Serota.  See fee exhibit 2.

Dr. Serota billed a total of 6 hours at a rate of $400.00 per hour to review and analyze medical records and medical literature.  See Pet'r's Mot. at 39.  This totals $2,400, the amount of Dr. Serota's retainer fee.  Petitioner notes that Dr. Serota did not charge for telephone or email correspondence or any work beyond the $2,400 retainer fee because he did not provide an expert report.  Id. at 3.  Dr. Serota was awarded his requested hourly rate in a previous Vaccine Program case.  See Petrocelli v. Sec'y of Health & Hum. Servs., No. 17-1019V, 2021 WL 1771786, at *3 (Fed. Cl. Spec. Mstr. Mar. 30, 2021).  Although Dr. Serota did not ultimately provide an expert opinion, special masters have previously awarded expert costs in the absence of an expert report.  See, e.g., Spain v. Sec'y of Health & Hum. Servs., No. 18-737V, 2020 WL 3619927, at *2 (Fed. Cl. Spec. Mstr. June 15, 2020); Sykes v. Sec'y of Health & Hum. Servs., No. 17-716V, 2019 WL 7565467, at *6 (Fed. Cl. Spec. Mstr. Oct. 15, 2019); Gambrill v. Sec'y of Health & Hum. Servs., No. 17-105V, 2018 WL 6787629, at *7 (Fed. Cl. Spec. Mstr. Nov. 29, 2018); Replogle v. Sec'y of Health & Hum. Servs., No. 16-1274V, 2018 WL 2225081, at *4 (Fed. Cl. Spec. Mstr. Apr. 6, 2018).  Additionally, Dr. Serota's review and conclusion that he was unable to provide an opinion supporting vaccine causation played a direct role in petitioner's decision to move for dismissal.  See Gambrill, 2018 WL 6787629, at *7.  Accordingly, Dr. Serota is awarded a total of $2,400.00 in expert costs.

For the remainder of the costs, petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in the undersigned's experience.  Petitioner is therefore awarded $3,843.93 in costs.

D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$26,887.93** (representing $23,044.00 in attorneys' fees and $3,843.93 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. David Carney. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.